UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


BLISSFIELD MANUFACTURING COMPANY,
BIODRI MICHIGAN, LLC D/B/A GREENER
PLANET SOLUTIONS, and GREENER PLANET
SOLUTIONS OF FLORIDA, LLC,

                    Plaintiffs,                    Case No. 12-15610
                                                Honorable Julian Abele Cook, Jr.

    v.

BLUE H2O SOLUTIONS, LLC,
AARON MAASSEL, ROBERT ROBINSON,
EUGENE KOBYLAK, and JAY ROBINSON,

                    Defendants.


ORDER

      The Plaintiffs, Blissfield Manufacturing Company ("Blissfield"), BioDri d/b/a Greener

Planet Solutions ("BioDri"), and Greener Planet Solutions of Florida ("Greener Planet Florida"),

filed this action against the Defendants, Blue H2O and its employees Eugene Kobylak, Aaron

Maassel, Jay Robinson, and Robert Robinson, alleging that the Defendants had misappropriated

confidential information and trade secrets in violation of various confidentiality, non-disclosure, and

non-competition agreements.  Currently before the Court are three motions to dismiss by (1) Blue

H2O and Robert Robinson; (2) Kobylak and Jay Robinson[1]; and (3) Maassel.

---

      [1]On September 5, 2013, Kobylak filed a notice of bankruptcy. Any action against him
will be stayed pending a final disposition of the issues therein. The Court will consider this

1

I.

Blissfield is a corporation in Blissfield, Michigan that manufactures the Pro2 Series aeration system, a proprietary wastewater treatment product that is based on the super-saturation of wastewater with dissolved oxygen. According to the Plaintiffs, this system is unique, in that some aspects of the system have been patented while there are others which remain their trade secrets. BioDri and Greener Planet Florida are limited liability companies based in Bingham Farms, Michigan and Orlando, Florida, respectively, that have partnered to market and distribute Blissfield's Pro2 product. These two companies have the exclusive rights to market, sell, and distribute the Pro2 system.

All of the individual Defendants are former employees of BioDri whose employment ended in early 2012: (1) Robert Robinson served as the Chief Operating Officer and Chief Financial Officer from September 2010 to February 2012; (2) Eugene Kobylak served as the Vice President of Field Operations from January 2011 to February 2012; (3) Jay Robinson served as a salesperson from May 2011 to February 2012; and (4) Aaron Maassel served as a business development consultant from November 2011 to March 2012. Prior to and during their employment tenure with BioDri, the individual Defendants signed various non-disclosure and non-competition agreements with the Plaintiffs. BioDri is a party to one agreement; Blissfield is a party to a second agreement; and Greener Planet Florida is a party to six other agreements.

First, Maassel signed a Non-disclosure Agreement with BioDri on May 4, 2011. Under the

_____

motion only as it applies to Jay Robinson. *Vogel v. U.S. Office Products Co.*, 258 F.3d 509 (6th Cir. 2001) (case stayed as to defendant who filed bankruptcy petition but not as to any other defendant).

2

terms of this agreement, Maassel and BioDri are obligated to refrain from using or disclosing confidential information that was exchanged between the parties pursuant to the agreement or prior to its execution. The agreement contains a forum selection clause, which reads as follows: "The parties agree in any disputes arising from or relating to this agreement must be brought in Ohio." (Compl., Ex. B ¶ 10).

Next, on August 11, 2010, Robert Robinson entered into a Confidentiality Agreement with Blissfield. Under the terms of their agreement, Robert Robinson and Blissfield are bound to maintain the confidentiality of information exchanged between the parties. The agreement contains the following forum selection clause: "This Agreement shall be governed by, and construed in accordance with the laws of the State of Michigan, U.S.A., and the parties hereby submit to the jurisdiction of the Michigan courts, both state and federal." (Compl., Ex. A ¶ 8).

Finally, on February 17, 2012, Robert Robinson, Kobylak, and Jay Robinson signed Non-Disclosure Agreements and Non-Competition Agreements with Greener Planet Florida. The Non-Disclosure Agreements prohibit the use or disclosure of any confidential information disclosed to them. These Non-Disclosure Agreements contain the following forum selection clause: "Venue for any legal action shall be in Orange County, Florida." (Compl., Ex. C). The Non-Competition Agreements prohibit: (1) the sale of any products that are similar to the Pro2 product personally or through any business entities; and (2) contacting or soliciting away any of Greener Planet Florida's customers. They each contain a separate forum selection clause which reads as follows: "Any action or proceeding, legal, equitable or legal and equitable, shall be brought and maintained in the appropriate court in Orange County, Florida."

The Defendants indicate that Robert Robinson, Kobylak, and Jay Robinson were all

terminated one week after they signed the February 17, 2012 agreements. Approximately two months later, in April 2012, some of the individual Defendants formed Blue H2O, a limited liability company based in Napoleon, Ohio.[2]  It markets and distributes SDOX, a wastewater treatment product that, according to the Plaintiffs, performs the same processes as Blissfield's Pro2 product and is a direct competitor. The Plaintiffs also allege that Blue H2O is targeting their customers for the sale of SDOX.

All of the individual Defendants are currently employed by Blue H2O. Maassel serves as its Chief Executive Officer, Robert Robinson is the Vice President of Sales, Marketing, and Strategies, and Kobylak is the Vice President of Field Operations. They are all citizens and residents of Ohio. Jay Robinson, who serves as a Business Development Consultant, is a citizen of Colorado.

## II.

When considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts the plaintiffs' well-pleaded allegations as true and construes each of them in a light that is most favorable to it. *Bennett v. MIS Corp.*, 607 F.3d 1076, 1091 (6th Cir. 2010). However, this assumption of truth does not extend to the plaintiffs' legal conclusions because "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The complaint "must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (Cir. Cir. 2008) (citation and internal quotation marks omitted).

In order to survive an application for dismissal, the complaint must allege "enough facts to

---

[2]The Plaintiffs have not specified which Defendants started Blue H2O.

4

state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). To meet this standard, the "plaintiff [must] plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. In essence, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

In considering a 12(b)(6) motion, "documents attached to the pleadings become part of the pleading and may be considered." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir. 2007) (citing Fed. R. Civ. P. 10(c)). "In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted)). Moreover, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [the plaintiff's] claim." *Weiner, D.P.M. v. Klais & Co.*, 108 F.3d 86, 88 n.3 (6th Cir. 1997); *see also Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008). Supplemental documents attached to the motion to dismiss do not convert the pleading into one for summary judgment where the documents do not "rebut, challenge, or contradict anything in the plaintiff's complaint." *Song v. City of Elyria*, 985 F.2d 840, 842 (6th Cir. 1993) (citing *Watters v. Pelican Int'l, Inc.*, 706 F. Supp. 1452, 1457 n.1 (D. Colo. 1989)).

### III.

The Plaintiffs have asserted nine counts in their complaint, though not every claim is asserted by every Plaintiff against every Defendant. The substance of these claims is that (1) each

of the individual Defendants has violated the terms of non-competition and confidentiality/non-disclosure agreements with the Plaintiffs; (2) Blue H2O induced these Defendants to breach these agreements; and (3) all of the Defendants misappropriated the Plaintiffs' trade secrets.

A synopsis of the specific claims reads as follows: (1) Blissfield alleges that Robert Robinson breached his Confidentiality Agreement; (2) BioDri asserts that Maassel violated his May 2011 Non-disclosure Agreement; (3) Greener Planet Florida maintains that Robert Robinson, Kobylak, and Jay Robinson breached their February 2012 Non-disclosure Agreements; (4) Greener Planet Florida submits that Robert Robinson, Kobylak, and Jay Robinson violated their February 2012 Non-Competition Agreements; (5) all of the Plaintiffs assert that Blue H2O tortiously interfered with the Defendants' contractual relations with other business entities; (6) all of the Plaintiffs maintain that all of the Defendants misappropriated trade secrets in violation of Mich. Comp. Laws. 445.1901 et seq.; (7) all of the Plaintiffs allege that all of the Defendants were unjustly enriched; (8) all of the Plaintiffs submit that Blue H2O is liable for common law unfair competition; and (9) BioDri contends that Robert Robinson wrongfully interfered with its prospective business relationships.  In response, motions to dismiss were filed by: (1) Blue H2O and Robert Robinson; (2) Eugene Kobylak and Jay Robinson; and (3) Aaron Maassel.  The Court will review each motion in turn.

### A. Blue H2O and Robert Robinson

The first motion to dismiss relates to counts 1,3, and 4-9 against Blue H2O and/or Robert Robinson.  In their motion, Blue H2O and Robert Robinson contend that (1) BioDri's and Greener Planet Florida's claims against them should be dismissed pursuant to Rule 12(b)(6), because mandatory forum selection clauses preclude this matter from being brought in this Court; and (2)

Blissfield's claims against them should be dismissed pursuant to Rule 19(b).

First, the Defendants seek a dismissal of all of Greener Planet Florida's claims against Robert Robinson because they arise out of alleged violations of the Non-disclosure and Non-Competition Agreements between Robert Robinson and Greener Planet Florida, which contain mandatory forum selection clauses requiring that these claims be brought in Florida rather than in Michigan. The Plaintiffs, on the other hand, assert that (1) the forum selection clauses are not mandatory, and (2) even if the clauses are mandatory, they should not be enforced because such an enforcement would unjustly inconvenience any attempt by them to secure a legal remedy.

First, this Court must determine whether the forum selection clauses in Robert Robinson's contracts with Greener Planet Florida are mandatory or permissive. The plain language of a forum selection clause determines whether it is mandatory. *See Answers in Genesis of Kentucky, Inc. v. Creation Ministries Intern., Ltd.*, 556 F.3d 459, 466 (6th Cir. 2009). A forum selection clause is mandatory if it specifies that all disputes shall be or must be brought in a particular jurisdiction. *See General Elec. Co. V. G. Siempelkamp GmbH & Co.*, 29 F.3d 1095, 1099 (6th Cir. 1994); *see also Zukas Integrated Mktg. Solutions, LLC v. Captivate Network*, No. 11-13331, 2011 WL 4889110, at *2 (E.D. Mich. Oct. 13, 2011).

A specific provision within the Non-disclosure Agreement states that "[v]enue for *any* legal action *shall be* in Orange County, Florida" (emphasis added). The Non-Competition Agreements similarly specifies that "[*a*]*ny* action or proceeding, legal, equitable, or legal and equitable, *shall be* brought and maintained in the appropriate court in Orange County, Florida" (emphasis added). Based on the plain language of the forum selection clauses in Robert Robinson's Non-disclosure Agreement and Non-Competition Agreement, it is clear that these forum selection clauses are

7

mandatory and therefore any legal action arising under these two contracts must be brought in Orange County, Florida.

However, the inquiry does not end here. Even if the forum selection clauses are mandatory, the Court must determine whether the clauses should be enforced.  Generally, courts should uphold legitimate forum selection clauses in contracts to which the parties agreed, as long as doing so is not unreasonable in light of the circumstances.  *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972).  However, in addressing the enforceability of forum selection clauses, the Sixth Circuit recently held that such clauses are not enforceable if: (1) the clause was obtained by fraud, duress, or other unconscionable means; (2) the designated forum would ineffectively or unfairly handle the litigation; or (3) the designated forum would be so seriously inconvenient that requiring an aggrieved party to initiate an action in the mandated forum would be unjust.  *Wong v. PartyGaming Ltd.*, 589 F.3d 821, 828 (6th Cir. 2009).  Under the third prong, opposition must "be based on more than mere inconvenience of the party seeking to avoid the clause." *Id.* Rather, the aggrieved party must bear the "heavy burden" of "show[ing]  that enforcement of the clause would be so inconvenient that its enforcement would be unjust or unreasonable." *Id.* The Plaintiffs argue that the third prong of this test is satisfied because the forum selection clauses in Robert Robinson's contracts would be so seriously inconvenient as to be unjust.

Here, the forum selection clause in Robert Robinson's contract - standing alone - does not impose any undue burden on the Plaintiffs by requiring that any lawsuit against Robinson be filed in Florida. However, the Defendants also seek to enforce the forum selection clause of Maassel's Non-disclosure Agreement with BioDri, which would require the claims against him to be brought separately in Ohio. The Non-disclosure Agreement between BioDri and Maassel stipulates that

8

"[t]he parties agree in any disputes arising from or relating to this agreement *must be brought* in Ohio." As with Robert Robinson's contracts with Greener Planet Florida, the forum selection clause in Maassel's contract with BioDri is mandatory.

If the Defendants' request to enforce the mandatory forum selection clauses is granted, the Plaintiffs could not bring all of their claims in a single court. Rather, they would be forced to maintain a minimum of two separate lawsuits which concern the same underlying events and transactions. In addition, Blue H2O would be required to defend against the tortious interference with contracts claim in two different jurisdictions. These facts are sufficient to render the forum selection clauses unenforceable. Indeed, other courts have decided not to enforce forum selection clauses when doing so would force Plaintiffs "to litigate the validity of their claims that depend on the same issue in two different forums [which] would be seriously inconvenient."  *Lee v. Le*, No. 07-10683, 2008 WL 686233, at *3 (E.D. Mich. Mar. 13, 2008); *see also  Ford v. Pac. WebWorks, Inc.*, No. 09 C 7867, 2011 WL 722499, at *3 (N.D. Ill. Feb. 23, 2011) (courts that have found forum selection clauses to be unreasonable included situations "where enforcement would lead to parallel proceedings involving the same issues in at least two different venues that could result in conflicting judgments"); *Woods v. Christensen Shipyars, Ltd.*, No. 04-61432-CIV, 2005 WL 5654643, at *11 (S.D. Fla. Sept. 23, 2005) (enforcement unreasonable where it would result in "parallel proceedings in different forums on the same set of facts and legal issues"); *Mylan Pharm., Inc. v. Am. Safety Razor Co.*, 265 F. Supp. 2d 635, 639 (N.D.W. Va. 2002).

Like the case currently before this Court, the *Lee* case involved plaintiffs and defendants who were tied together by multiple contracts with forum selection clauses that specified different locations. *Id*. at *1. The *Lee* court was persuaded that the plaintiffs would face serious

9

inconvenience if the forum selection clauses were enforced, since there would have been multiple suits dealing with the same underlying events and transactions. *Id*. at *1-3. Here, the Plaintiffs would face similar difficulties if the forum selection clauses are enforced. Although the claims are raised against each Defendant individually, the Plaintiffs allege that their adversaries violated their agreements by (1) working together to form Blue H2O, and (2) creating, marketing, and selling the SDOX product. Thus, the core factual issues would be identical for each of the Defendants. Moreover, Blue H2O would be forced to defend against the same claim based on the same set of facts in two jurisdictions, leaving it vulnerable to potential conflicting judgments. Thus, "for the sake of judicial economy and consistency of judgment," the forum selection clauses will not be enforced. *Woods*, 2005 WL 5654643, at *11.

With regard to their second argument, the moving Defendants contend that any claims not directly affected by the forum selection clauses must be dismissed, since trying them without all of the Defendants present would risk prejudice or inconsistent rulings. *See* Fed. R. Civ. P. 19(b). The Court first notes that the possibility of prejudice or inconsistent rulings supports the decision to decline enforcement of the forum selection clauses under Rule 12(b)(6). Moreover, as the forum selection clauses will not be enforced, this argument is rendered moot. Rule 19(b) provides that "[i]f a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Inasmuch as the Court has decided not to enforce the forum selection clauses, all parties may be joined to this action and Rule 19(b) is inapplicable.

Finally, the Defendants' request for attorney fees pursuant to Paragraph 6 of Robert Robinson's Non-Competition Agreement with Greener Planet Florida and 28 U.S.C. § 1927 will

be denied. The Defendants contend that the Plaintiffs have needlessly multiplied the proceeding beyond that which could have reasonably been pursued in Michigan by including parties and claims that are subject to mandatory Ohio and Florida forum selection clauses. As these forum selection clauses will not be enforced and all parties and claims will be permitted to be joined, an award of attorney fees is not warranted.

For the above-mentioned reasons, the motion to dismiss of Blue H2O and Robert Robinson is denied.

B. Second Motion to Dismiss: Jay Robinson

Jay Robinson contends that all of the claims articulated against him (claims 3, 4, 6, and 7) "are dependent on the 1099 [Non-disclosure] Agreements and Non-Compete Agreements," which contain mandatory forum selection clauses necessitating that the claims against them be brought in Florida, not Michigan. They seek to have the claims dismissed under Rule 12(b)(6). As mentioned above, enforcement of the mandatory forum selection clauses of Greener Planet Florida's Non-disclosure Agreements and Non-Competition Agreements would require more than one lawsuit to be filed in more than a single state.  As a result, the Court will not enforce the mandatory forum selection clauses , including the terms within those contracts of Jay Robinson.

Jay Robinson next argues that the claim of unjust enrichment must be dismissed because under Michigan law, such a claim requires the absence of an express agreement, and here the parties have entered into express agreements. The Plaintiffs, however, are permitted to plead alternative theories of recovery. Fed. R. Civ. P. 8(a). While this claim may ultimately prove to be unsuccessful, the Court will decline to dismiss it at this stage of the proceedings. *See, e.g.*, *In re K-Dur Antitrust Litig.*, 338 F. Supp. 2d 517, 544 (D.N.J. 2004). As a result, Jay Robinson's motion

to dismiss, including a request for attorney fees, is denied.

      C. <u>Third Motion to Dismiss: Maassel</u>

      Maassel contends in his motion that all of the claims articulated against him (claims 2, 6, and 7) are subject to the mandatory forum selection clause contained in the NDA Agreement that he executed with BioDri, which, in turn, necessitates that those claims against him be brought in Ohio rather than in Michigan. As a consequence, he asserts that the claims against him should be dismissed pursuant to Rule 12(b)(6). For the reasons that have been discussed above, the Court will not enforce the mandatory forum selection clauses in any of the Defendants' contracts, including Maassel's contract with Greener Planet Michigan.

      Maassel also submits that the claim of unjust enrichment must be dismissed as well because the gravamen of this claim is based upon an express contract. As discussed above, the Court will decline to dismiss the claim at this time. Thus, Maassel's motion to dismiss, including a request for attorney fees, is denied in its entirety.

IV.

      For the reasons set forth above, the motions to dismiss filed by the Defendants, (ECF Nos. 11, 21, and 23) are denied.

      IT IS SO ORDERED.

Date: September 30, 2013                     <u>s/Julian Abele Cook, Jr.</u>
                                             JULIAN ABELE COOK, JR.
                                             U.S. District Judge

12

<u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on September 30, 2013.

s/ Kay Doaks
Case Manager

13